UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. 6:11-CR-60-REW-HAI |
| ) | |
| v. ) | RECOMMENDED DISPOSITION |
| ) | |
| KEAGAN EDWARD STRUNK, ) | |
| ) | |
| Defendant. ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

On referral from District Judge Wier (D.E. 101), the Court considers reported violations of supervised release conditions by Defendant Keagan Edward Strunk. As a district judge, Judge Thapar imposed a judgment against Defendant on October 15, 2012, upon a plea of guilty to conspiracy to distribute 500 grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846.[1] D.E. 79 at 1. Defendant was sentenced to 120 months of imprisonment followed by 20 years of supervised release. *Id.* at 2-3. Defendant began his supervised release term on March 9, 2021.

**I.**

On November 4, 2021, the United States Probation Office ("USPO") issued the Supervised Release Violation Report ("the Report") that initiated these proceedings. According to the Report,

> On September 29, 2021, Mr. Strunk was arrested and charged by Lexington Metro Police with Trafficking in Controlled Substance in First Degree (Aggravated Equal to or Greater than 28 Grams Fentanyl), Trafficking in

---

[1] Defendant's case was later transferred to Judge Wier.

1

>Controlled Substance in First Degree (Heroin), Trafficking in Controlled Substance in First Degree (Equal to or Greater than Four Grams Cocaine), Trafficking in Controlled Substance in First Degree (Equal to or Greater than Two Grams Methamphetamine), Trafficking in Controlled Substance in Third Degree (Drug Unspecified) and Drug Paraphernalia (Buy/Possess). According to the arrest citation, Mr. Strunk was at 1950 Newtown Pike, Lexington, Kentucky, Room 317, sitting at a table where various narcotics were located. This case is currently pending in Fayette County District Court case number 21-F-2666. On October 8, 2021, Mr. Strunk was released from state custody on bond with electronic monitoring. The case has been moved to be presented to the grand jury.

The Report charges a single violation stemming from this conduct. Violation #1 alleges that Defendant violated the condition requiring him to not commit another federal, state, or local crime. This is a Grade A violation.

>Additionally, according to the Report,
>
>>On October 12, 2021, Mr. Strunk reported to the probation office and provided a urine sample. The instant test cup detected the presence of marijuana. Mr. Strunk admitted to using marijuana while "in county" referencing his arrest that is noted in Violation Number One. He signed an admission form advising the same.

The Report charges two violations stemming from this conduct. Violation #2 alleges that Defendant violated the condition requiring him to refrain from any unlawful use of a controlled substance. This is a Grade C violation. Violation #3 alleges another violation of the condition requiring Defendant to not commit another federal, state, or local crime. Citing the Sixth Circuit's decision that use is equivalent to possession, Violation #3 is a Grade B violation because Defendant's marijuana possession, on account of his prior drug conviction, constitutes a Class E felony under 21 U.S.C. § 844(a).

## II.

The Court conducted an initial appearance pursuant to Federal Rule of Criminal Procedure 32.1 on November 12, 2021. D.E. 103. At that time, the United States made an oral

motion for detention; Defendant argued for release. *Id.* Based on the heavy defense burden under 18 U.S.C. § 3143(a), the Court found detention was required. *Id.*

On December 7, 2021, the Court granted Defendant's motion to continue the final hearing generally to allow his underlying state court charges to resolve. D.E. 106. On March 10, 2022, the Court conducted a telephonic status conference. D.E. 109. Defense counsel notified the Court that Defendant's state charges were still pending, but requested that the Court set a final hearing on the violations. *Id.*

At the final hearing on March 22, 2022, Defendant was afforded all rights under Rule 32.1 and 18 U.S.C. § 3583. D.E. 111. Defendant waived a formal hearing and stipulated to Violations #2 and #3 as set forth in the Report, and the government made an oral motion to dismiss Violation #1. The Court will recommend that the motion be granted, but as explained to Defendant, the Court still considers the circumstances of the arrest and charges in in Violation #1 in forming its sentencing recommendation. The Court found Defendant to be competent to stipulate to Violations #2 and #3 and that the stipulation was knowingly, voluntarily, and intelligently made. *Id.* The Court also found the stipulation to be consistent with the advice of Defendant's counsel. *Id.*

Of course, the Court must find "by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3); *see also United States v. Cofield*, 233 F.3d 405, 406 (6th Cir. 2000) ("In order to revoke supervised release, the sentencing court must find by a preponderance of the evidence that a defendant has violated a condition of his supervised release."). Defendant's stipulation permits the Court to find that he engaged in conduct that is a Grade B violation under the Guidelines. *See* U.S.S.G. § 7B1.1(a)(2).

At the final hearing, the government recommended a term of imprisonment of fourteen months to be followed by twenty years of supervised release. Defense counsel recommended a sentence in the middle of the Guidelines Range.

As to the nature and circumstances of the offense, the government noted that Defendant was twenty-two years old at the time of his underlying conviction and has a criminal history category of III, due in part to two drug convictions and two other misdemeanor convictions involving violent conduct. As to the circumstances of Defendant's arrest on the violations, the government argued that being in the presence of drugs warrants a serious term of incarceration.

The government also addressed Defendant's history and characteristics, the need to deter criminal conduct, and the breach of the Court's trust. The government argued that the swiftness with which Defendant committed the violations warrants restarting the term of supervision to address these factors. The government also noted that Defendant's original sentence was well below the Guidelines Range, which can be taken into consideration in formulating the appropriate sentence for the violations.

Defense counsel noted that Defendant was released to Dismas Charities in September 2020 and had an ankle monitor beginning in November 2020. Defense counsel stated that Defendant was compliant with the conditions of supervision and Dismas's terms, and had clean drug screens during this time. Defense counsel also stated that Defendant has been steadily employed since his release and has strong family support. Further, defense counsel explained that Defendant's fiancée gave birth to twins recently, but, tragically, one of them passed away the week prior to the final hearing. As to Defendant's history and characteristics, defense counsel noted that he witnessed his mother's abuse during his childhood and has also been diagnosed with multiple mental health disorders. Thus, defense counsel requested that

Defendant receive mental health treatment, but did not request treatment as an exception to revocation. As to the violations, defense counsel noted that Defendant admitted to using marijuana at the time of his drug screen. While he has a history of opiate abuse, defense counsel noted that this is Defendant's first positive drug screen since his release. Defense counsel also stated that Defendant took advantage of multiple programs while in BOP custody, including parenting classes, a non-residential drug treatment program, and a culinary arts program. Defense counsel also confirmed that Defendant's fiancée was present at the time of his arrest.

Defendant directly addressed the Court and apologized for his conduct.

### III.

Under 18 U.S.C. § 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant's conviction pursuant to 21 U.S.C. § 841(b)(1)(A) is a Class A felony. *See* 21 U.S.C. § 841(b)(1)(A); 21 U.S.C. § 846; 18 U.S.C. § 3559(a). For a Class A felony, the maximum revocation sentence provided under 18 U.S.C. § 3583 is five years of imprisonment.[2] *See* 18 U.S.C. § 3583(e)(3). The Policy Statements in Chapter 7 of the Guidelines provide advisory imprisonment ranges for revocation premised on Defendant's criminal history (at the time of original sentencing) and the "grade" of the violation proven. *See United States v. Perez-Arellano*, 212 F. Asp's 436, 438 (6th Cir. 2007). The Guidelines also instruct that, "[w]here there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one

---

[2] During the final hearing, Defendant expressed his belief that the maximum potential term of imprisonment he faced was two years, based on the Report's language in Violation #3. However, the Court thoroughly explained the potential penalties and that his underlying conviction carries a maximum term of imprisonment of five years, per 18 U.S.C. § 3583(e)(3). The Court repeatedly asked Defendant if he preferred to continue the final hearing in order to consider whether he still wanted to stipulate to Violations #2 and #3. Defendant indicated that he clearly understood the potential penalties and still wished to stipulate to Violations #2 and #3 and requested to proceed with the final hearing.

5

offense, the grade of the violation is determined by the violation having the most serious grade." U.S.S.G. § 7B1.1(b).

Under section 7B1.1, Defendant's admitted conduct qualifies as a Grade B violation with respect to Violation #3 and a Grade C violation with respect to Violation #2. Given Defendant's criminal history category of III (the category at the time of conviction in this District) and a Grade B violation, Defendant's range, under the Revocation Table of Chapter 7, is eight to fourteen months. *See* U.S.S.G. § 7B1.4(a). Both parties agreed to this calculation of the range.[3]

A court may also re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h). The post-revocation cap depends on the "term of supervised release authorized by statute for the offense that resulted in the original term of supervised release." *See* 18 U.S.C. § 3583(h). Defendant's original conviction carries no maximum term of supervised release." *See* 18 U.S.C. § 841(b)(1)(A).

Congress does ***mandate*** revocation in a case of this nature. By statute, the Court must revoke Defendant's release because he possessed a controlled substance. *See* 18 U.S.C. § 3583(g)(1). The only exception would be if a suitable treatment option, or Defendant's record of involvement in treatment, warranted relief. *See* 18 U.S.C. § 3583(d); *United States v. Crace*, 207 F.3d 833, 835 (6th Cir. 2000) (holding district court "required by 18 U.S.C. § 3583(g) to revoke the defendant's term of supervised release upon the defendant's positive drug test and admission of the use of a controlled substance unless defendant could come under the exception in 18

---

[3] The original range, given a Grade A violation, a criminal history category of III, and a conviction for a Class A felony was thirty to thirty-seven months, meaning Defendant benefitted greatly from the dismissal of Violation #1.

U.S.C. § 3583(d)"). Defendant did not request or argue in favor of this exception and the record does not support its application.

The presence of a Grade B violation also means that revocation is recommended under the Guidelines. U.S.S.G. § 7B1.3(a)(1) ("Upon a finding of a Grade A or B violation, the court shall revoke probation or supervised release."). Even if revocation were not mandatory, revocation would be appropriate in this case due to the nature of the violations.

## IV.

The Court has reviewed the entire record, including the Report and its accompanying documents, as well as Defendant's underlying judgment and sentencing materials. The Court has also considered all the 18 U.S.C. § 3553(a) factors imported into the § 3583(e) analysis. Likewise, the parties addressed those statutory factors in making their sentencing recommendations to the Court.

The Court first considers the nature and circumstances of the underlying offense. Defendant pleaded guilty to conspiring to distribute 500 grams or more of a mixture or substance containing methamphetamine, which involved the use of a minor. This was a very serious offense. Violations #2 and #3, as well as the circumstances of his arrest, indicate that he is still dangerously involved with drugs.

The Court also considers Defendant's history and characteristics, the need to protect the public, and the need to deter further criminal conduct. His history of emotional abuse due to witnessing physical abuse towards his mother mitigates the violations to a certain extent. However, this history and recent loss of his child, while tragic, are counterweighed by the presence of his then-pregnant fiancée at the time of his arrest. Defendant's actions placed his fiancé and unborn children at serious risk.

As to the need to provide any education, training, or treatment, Defendant needs continued treatment for his mental health and substance abuse issues. Defendant's conditions of release provide for treatment evaluation and implementation.

The Guidelines suggest that the ***primary*** wrong in the supervised release context is violation of the Court's trust by an offender; the particular conduct is an important but secondary issue. *See* U.S.S.G. Chp. 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). The Court must impose a sentence that is sufficient, but not greater than necessary, to address Defendant's breach of trust and the other statutory goals imported into section 3583(e). Defendant's violations seriously breached the Court's trust. Further, Defendant benefitted from a downward departure at his original sentencing via a binding plea agreement, yet he violated very quickly. The Court finds that twenty months of imprisonment followed by a term of supervised release to end on March 8, 2041, is sufficient but not greater than necessary to meet the section 3553(a) factors incorporated into this analysis. *See* 18 U.S.C. § 3583(e).

The requirement that the Court seek to avoid unwarranted sentencing disparities among defendants with similar records who are found guilty of similar conduct is most often addressed by a recommended sentence within the Guidelines Range. Yet, in this case, the Court believes a sentence outside of the advisory Guidelines Range is appropriate. In such a scenario, the Court must provide a "specific reason" for going outside of the Guidelines Range. *See United States v. Johnson*, 640 F.3d 195, 205 (6th Cir. 2011) (requiring that any deviation from the Guidelines Range be supported by a specific reason that justifies the extent of the deviation). A sentence of twenty months is appropriate in this case. His original sentence of 120 months of imprisonment

was well below the Guidelines Range of 168 to 210 months. That downward departure, on its own, supports an upward departure at this point. *See* U.S.S.G. § 7B1.4 n. 4. An upward departure is also supported by the circumstances surrounding Defendant's arrest, which indicate Defendant still is involved with dangerous drugs, and the swiftness with which he committed the violations after his release. Clearly, the goal of ensuring Defendant understands the consequences of his behavior and choices has not been accomplished. The state charges remain pending, but their outcome is speculative and not, in this Court's view, directly relevant to the incorporated 3553(a) factors.

A court may re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration actually imposed due to the violations. *See* 18 U.S.C. § 3583(b) & (h). Defendant's conviction under 21 U.S.C. § 841(b)(1)(A) carries no maximum term of supervised release. The Court recommends reimposition of Defendant's supervised release, to end on the original date of termination – March 8, 2041.

## V.

Based on Defendant's admitted conduct, and in consideration of the factors discussed above, the Court **RECOMMENDS**:

(1)  That Defendant, upon his stipulation, be found guilty of Violations #2 and #3;

(2)  The government's motion to dismiss Violation #1 be granted;

(3)  Revocation with a term of twenty months of imprisonment; and

(4)  Supervised release under the same conditions previously imposed, to end on March 8, 2041.

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on District Judge Wier's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within **FOURTEEN days** after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make timely objection consistent with the statute and applicable rule, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 30th day of March, 2022.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge