UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:11-CR-60-REW |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| KEAGAN STRUNK, | ) | |
| | ) | |
| Defendant. | | |

*** *** *** ***

This matter is before the Court following Defendant Keagan Strunk's final revocation hearing on three charges of violating conditions of supervised release. *See* DE 111 (Minute Entry). After conducting the hearing, Judge Ingram recommended that the undersigned find Strunk guilty of Violations 2 and 3, dismiss Violation 1 (on the Government's motion), revoke Strunk's supervision, and sentence him to a carceral term of 20 months, followed by "[s]upervised release under the same conditions previously imposed, to end on March 8, 2041." *See* DE 112 at 9 (Recommended Disposition). Judge Ingram informed Defendant of his right to object to the recommendation. *See id.* at 10. Defendant waived his right of allocution and offered no objection. *See* DE 113 (Signed Waiver). The prescribed fourteen-day objection period has expired, and neither Strunk nor the United States objected to the Recommended Disposition.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his

1

right to raise this issue on appeal.'") (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996) (quote brackets simplified)); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); Fed. R. Crim. P. 59(b)(2)-(3) (limiting de novo review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

Judge Ingram catalogued the full record and accounted for all considerations in a fitting and proper way. The Court assessed Judge Ingram's rationale for an upward departure as to incarceration and, seeing no objection, views the analysis as reasonable. The Court thus, with no objection from any party and on full review of the record and Judge Ingram's thorough treatment, **ORDERS** as follows:

1. The Court **ADOPTS** DE 112 and **ADJUDGES** Defendant Strunk guilty of Violations 2 and 3;

2. The Court **DISMISSES** Violation 1, without adjudication, per the Government's motion;

3. The Court **REVOKES** supervision and **SENTENCES** Strunk to 20 months' imprisonment, to be followed by supervised release under Strunk's original terms of supervision captured in DE 79, to end as originally scheduled on March 8, 2041. The Court will enter an appropriate revocation judgment.

This the 15th day of April, 2022.



Signed By:
*Robert E. Wier*
**United States District Judge**